IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOE HAND PROMOTIONS, INC.,

    Plaintiff,

vs.                                        No. CIV 15-216 BRB/WPL

CHARLIE'S SANDBOX, SANDBAR
SPORTS BAR AND GRILL, SB ABQ, LLC,
JOE LOPEZ, and JOE LUJAN,

    Defendants.

G&G CLOSED CIRCUIT EVENTS, LLC,

    Plaintiff,

vs.                                        No. CIV 15-317 BRB/WPL

CHARLIE'S SANDBOX, SANDBAR
SPORTS BAR AND GRILL, THE
SANDBOX GROUP, LLC, SB ABQ, LLC,
JOE LOPEZ, and JOE LUJAN,

    Defendants.

ORDER ACCEPTING IN PART AND REJECTING IN PART PROPOSED FINDINGS AND
RECOMMENDED DISPOSITION OF MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636 and Federal Rules of Civil Procedure 55(b)(2) and 72(b), the Court has reviewed the Complaint, the relevant records and motions on file, and the Proposed Findings and Recommended Disposition (PFRD) of United States Magistrate Judge William P. Lynch. Plaintiffs have filed timely objections to the PFRD, and the Court has reviewed *de novo*

those portions of the PFRD to which Plaintiffs have objected. As explained below, although the Court overrules Plaintiffs' specific objections, it only accepts in part the findings and recommendations of the Magistrate Judge.

Plaintiffs Joe Hand Promotions, Inc., and G&G Closed Circuit Events, LLC, jointly object to two findings in the PFRD: (1) the award of $250 in statutory damages to each Plaintiff, and (2) the finding that the violations were not willful. Plaintiffs' counsel "acknowledges responsibility for the delay" in providing additional information on damages. (Doc. 42 at 3.) Counsel "assumed" that the reassignment of the case from Judge Yarbrough to Judge Lynch would postpone the April 4, 2016 deadline to submit supplemental information that Judge Yarbrough had imposed. *Id.* Counsel cites no basis for this assumption.

Plaintiffs had at least two opportunities to submit evidence on the issues of willfulness and damages. First, they could have submitted this evidence at the hearing with Judge Yarbrough. Second, they could have submitted this evidence after the hearing by the April 4 deadline that Judge Yarbrough had imposed. Plaintiffs did not submit any additional information in support of their case at either of these times.

Plaintiffs now submit identical affidavits arguing for $50,000 in statutory damages because, according to Plaintiffs, the violations were willful under 47 U.S.C. § 553(c)(3)(B) and require a punitive or deterrent award. (Docs. 43–44.) Additionally, Plaintiffs finally submitted information on what the events would have cost had Defendants properly appropriated the televised fights in the first place. *Id.*

The Tenth Circuit has made clear that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996). It stands to reason that the waiver rule applies equally to evidence

presented for the first time in objections to the magistrate judge's recommendation. Plaintiffs had ample time to submit evidence on the issues of willfulness and damages but declined to do so. Accordingly, the objections are overruled.

In addition to the Plaintiffs' objections, the Court makes two further points regarding the PFRD. First, the Court does not accept the Magistrate Judge's recommendation that the Court should order Plaintiffs, under Federal Rule of Civil Procedure 4(l)(3), to submit amended and corrected Proofs of Service for the business entities. This step is unnecessary because (1) a deficient proof of service does not affect the validity of service, and (2) such an order would only serve to needlessly postpone final judgment. *See* Fed. R. Civ. P. 4(l)(3). Second, the Court makes the additional finding that Defendant The Sandbox Group, LLC was properly served in No. CIV 15-317 under N.M.R.A. Rule 1-004(G)(1). (Doc. 20.)  Beyond these two points, the Court accepts every other finding and recommendation in the Magistrate Judge's PFRD.

**IT IS THEREFORE ORDERED THAT:**

1. Defendants Joe Lopez and Joe Lujan are dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m) in both No. CIV 15-216 and No. CIV 15-317.

2. Plaintiffs' Amended Motion for Default Judgment is **GRANTED** in No. CIV 15-216 as to Defendants Charlie's Sandbox; Sandbar Sports Bar and Grill; and SB ABQ, LLC.

3. Plaintiffs' Amended Motion for Default Judgment is **GRANTED** in No. CIV 15-317 as to Defendants Charlie's Sandbox; Sandbar Sports Bar and Grill; The Sandbox Group, LLC; and SB ABQ, LLC.

4. Plaintiff Joe Hand Promotions, Inc.'s objections are overruled.

5. Plaintiff Joe Hand Promotions, Inc. is entitled to $250 in statutory damages, $500 in

    costs, and $250 in attorney's fees in No. CIV 15-216.  Defendants Charlie's Sandbox; Sandbar Sports Bar and Grill; and SB ABQ, LLC are jointly and severally liable for this amount.  Plaintiff's request for pre-judgment interest is denied.

6. Plaintiff G&G Closed Circuit Events, LLC's objections are overruled.

7. Plaintiff G&G Closed Circuit Events, LLC is entitled to $250 in statutory damages, $500 in costs, and $250 in attorney's fees in No. CIV 15-317.  Defendants Charlie's Sandbox; Sandbar Sports Bar and Grill; The Sandbox Group, LLC; and SB ABQ, LLC are jointly and severally liable for this amount.  Plaintiff's request for pre-judgment interest is denied.

                      Entered for the Court
                      this 12th Day of May, 2016.


                      Bobby R. Baldock
                      United States Circuit Judge
                      Sitting by Designation

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.